CRAIG M. RANKIN (SBN 169844)
ANNE E. WELLS (SBN 155975)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Chapter 11
Debtor and Debtor in Possession

FILED
July 16, 2004
U.S. Bankruptcy Court
Santa Rosa, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| IN RE: | Case No. 04-10986-AJ |
| CHARDONNAY/CLUB SHAKESPEARE, INC., a California corporation, | Chapter 11 |
| Debtor. | HEARING DATE<br>Date: July 19, 2004<br>Time: 9:00 a.m.<br>Place: 99 S. "E" Street<br>Santa Rosa, CA 95404 |

**STIPULATION OF DEBTOR AND SECURED LENDER INVESTMENT GRADE LOANS FOR USE OF CASH COLLATERAL; ORDER THEREON**

Chardonnay/Club Shakespeare, Inc., debtor and debtor in possession herein (the "Debtor") and subordinated secured lender Investment Grade Loans ("IGL"), by and through their respective counsel, hereby enter into this Stipulation for Use of Cash Collateral (the "Stipulation") as follows:

**R E C I T A L S**

1. On April 21, 2004 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued to

operate its business and manage its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor is obligated to IGL in the approximate amount of $4.2 million secured by liens encumbering substantially all of the Debtor's assets pursuant to two separate Deeds of Trust, Absolute Assignment of Rents and Leases and UCC Financing Statements recorded June 14, 2002 (the "IGL Financing Documents"). Under the IGL Financing Documents, the non-default contract rate of interest on $3.3 million is 16% and 14.5% on $900,000 of the total $4.2 million debt.

3. The IGL obligation is subordinated to the security interest of Owens Mortgage Investment Fund, a California Limited Partnership ("Owens") pursuant to a Subordination Agreement dated February 5, 2003 and recorded April 7, 2003. The Debtor is obligated to Owens in the approximate amount of $5.76 million, secured by a first priority security interest in substantially all of the Debtor's assets based upon a Deed of Trust, Assignment of Rents and UCC Financing Statement recorded April 7, 2003.

4. On April 21, 2004, the Debtor filed its "Emergency Motion for Authority to Use Cash Collateral on an Interim Basis Pending a Final Hearing (the "Cash Collateral Motion"). On April 23, 2004, the Court entered the "Order Granting Debtor's Emergency Motion for Authority to Use Cash Collateral…" (the "Interim Order"). Pursuant to the terms of the Interim Order, the Debtor is authorized, until the entry of a subsequent order of this Court, to use cash collateral to pay the ordinary and necessary business expenses of the Debtor as set forth in a Budget attached to the Cash Collateral Motion.

5. Pursuant to the Interim Order, as adequate protection of their interests pending the a final hearing on the Cash Collateral Motion, pursuant to Bankruptcy Code §§ 361, 362, and 363, Owens and IGL (the "Cash Collateral Lenders") were granted replacement liens in the post-petition assets of the Debtor's estate (other than avoidance actions) in the same collateral and only to the same extent, validity and priority of such Cash Collateral Lender's pre-petition liens in the Debtor's assets.

6.  IGL has consented to the Debtor's use of Cash Collateral subject to the terms and conditions of this Stipulation. The parties believe that the entry of an order approving this Stipulation is in their best interests and the best interests of the bankruptcy estate and creditors thereof.

**NOW, THEREFORE**, based upon the foregoing recitals, the parties stipulate and agree, subject to Court approval, as follows:

## S T I P U L A T I O N

**A.  Definition of Cash Collateral**. The term "Cash Collateral," as used in this Stipulation, is defined as all of the prepetition and postpetition proceeds derived from or in connection with IGL's prepetition collateral.

**B.  Term**. The Debtor's authority to use Cash Collateral shall terminate ("Termination Event") on the earlier of: (i) the effective date of any confirmed plan of reorganization: (ii) the date upon which the IGL Obligation is paid in full; (iii) upon default by the Debtor of any provision, term, or condition of this Stipulation, or of any Stipulation between the Debtor and Owens for the use of Cash Collateral, which is not cured as hereinafter provided, or, (iv) upon further order of this Court. Notwithstanding a Termination Event, the parties may extend the term of this Stipulation to allow for the Debtor's continued use of Cash Collateral under the terms and conditions of this Stipulation by written agreement of the parties and without further order of the Court or a hearing.

**C.  Use of Cash Collateral**. The Debtor shall be authorized to use Cash Collateral as follows:

1.  All Cash Collateral shall be deposited, upon receipt, in appropriate debtor-in-possession bank accounts. The Debtor shall advise IGL and the Official Committee of Unsecured Creditors appointed in this case (the "Committee") of the identity and location of all debtor-in-possession bank accounts.

PRINTED ON
RECYCLED PAPER

2. The Debtor shall be entitled to use Cash Collateral to pay the reasonable, ordinary, and necessary expenses of operating and maintaining its business (the "Ordinary Expenses"), subject to each of the following terms and conditions:

(a) the Debtor may use Cash Collateral for the items contained in the Budget attached hereto as Exhibit "A". The Debtor shall update the Budget as and when necessary and submit the updated Budget to IGL and the Committee. The updated Budget shall thereafter govern subsequent Cash Collateral use and no Court order is required to substitute an updated Budget. If the parties do not agree on an updated Budget, the matter will be promptly submitted to the Bankruptcy Court for determination on an expedited basis.

(b) the Debtor's use of Cash Collateral is expressly limited to the specific items and amounts as set forth in the Budget, except that the Debtor may exceed the budgeted sum in any single month for any itemized expense category by no more than 15% plus any prior period expense item that was incurred but not paid in such prior period (subject to the same 15% limitation). If actual expenditures for any line items are less than Budget, the difference shall carryover to the following months.

**D.** **Postpetition Interest Payments to IGL**. As additional adequate protection of IGL's interest in the Cash Collateral, commencing with the July 1st, 2004, payment, and each month thereafter, but which shall be paid on the 15th of the each month (commencing on July 15th, 2004) until the Termination Date, the Debtor shall make monthly interest payments to IGL based upon a rate of 10% per annum on the outstanding balance of its obligations to IGL (the "Agreed Interest Payments"). The July payment may be delayed until entry of an order by the Bankruptcy Court approving this Stipulation. Acceptance of the Agreed Interest Payments shall not be deemed a waiver of any rights of IGL, including, but not limited to, the right to seek relief from the automatic stay, or the right to seek payment of any difference between the contract rate

PRINTED ON RECYCLED PAPER

(including the default rate), and the amount of the Agreed Interest Payments, or a waiver of any of rights of the Debtor, the Committee or any other third party with regard thereto.

**E.  Replacement Lien**.  During the term of this Stipulation and as additional adequate protection of IGL's interest in the Cash Collateral, as provided in the Interim Order, IGL shall continue to have a replacement lien upon all postpetition assets of the Debtor's estate as provided in the Interim Order (except any avoidance actions arising under Bankruptcy Code Sections 544, 545, 546, 547, 548, 549, 550 or any similar provisions of the Bankruptcy Code) to the same extent, validity and priority of IGL's prepetition liens upon and security interests in the Debtor's assets and to the extent of the diminution in the value of the prepetition Collateral.

**F.  Reporting Requirements**.  During the term of this Stipulation, the Debtor shall deliver to IGL all monthly operating reports and interim operating statements as and when filed by the Debtor with the Office of the United States Trustee.

**G.  No Waiver**.  Nothing contained in this Stipulation and/or the order thereon shall be deemed or construed to waive, reduce, or otherwise diminish the rights, claims and/or defenses of IGL, the Debtor, or the Committee that each party may have against the other.

**H.  Default**.  Subject to the provisions of Paragraph 3, if the Debtor fails to fully and timely perform any provision, term or condition of this Stipulation which is not cured within 5 business days of the notification of the alleged default as provided below (the "Cure Period"), the Debtor shall be in default under this Stipulation (the "Default Date").  Upon default under this Stipulation by the Debtor, the Debtor's right to use Cash Collateral shall terminate, and any such Cash Collateral shall be deposited in a segregated account for the benefit of IGL.  In the event that IGL asserts a default by the Debtor, it shall give oral notice via telephone and written notice via facsimile, messenger, or overnight delivery to the Debtor's counsel and Committee's counsel.  Notice of any default shall be provided to the Debtor's counsel at following address and fax number:

>    Anne E. Wells, Esq.
>    Levene, Neale, Bender, Rankin & Brill L.L.P.

1801 Avenue of the Stars  Suite 1120
Los Angeles, CA 90067
Fax: (310) 229-1244
Phone: (310) 229-1234

The Debtor shall have continuing authority to use Cash Collateral during the Cure Period.  If the Debtor disputes that a default has occurred and the parties cannot resolve the dispute informally within the Cure Period, the Debtor shall file a motion on shortened notice and submit the matter to the Court for determination of whether a default has occurred.  The Debtor shall have continuing authority to use Cash Collateral until a judicial determination is made.  The only issues for determination by the Court are whether an event of default occurred and whether such default has been cured.

**I.** **Bankruptcy Court Order.**  This Stipulation is subject to entry of an order of the Bankruptcy Court approving the Stipulation.

Dated:  July 15, 2004          CHARDONNAY/CLUB SHAKESPEARE, INC.

By:_____*/s/ Anne E. Wells*_____
   ANNE E. WELLS
   LEVENE, NEALE, BENDER, RANKIN & BRILL, L.L.P.
    Attorneys for Chardonnay/Club Shakespeare, Inc.

Dated:  July 15, 2004          INVESTMENT GRADE LOANS

By:_____*/s/ Patric Kelly*_____
   PATRIC KELLY
   ADLESON, HESS & KELLY
   Attorneys for Investment Grade Loans

| | |
|---|---|
| 1 | **AGREED AS TO FORM AND CONTENT** |
| 2 | |
| 3 | Dated: July 15, 2004        OFFICIAL COMMITTEE OF UNSECURED CREDITORS |

By:     */s/ Christopher Alliots*
       CHRISTOPHER ALLIOTS
       SULMEYER KUPETZ
       Attorneys for Official Committee of Unsecured Creditors

PRINTED ON RECYCLED PAPER

-7-

1
2
3 **<u>ORDER</u>**
4
5     The foregoing Stipulation is hereby approved.
6     IT IS SO ORDERED.
7 Dated: July 16, 2004
8
9
10 _____
      Alan Jaroslovsky
11    U.S. Bankruptcy Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRINTED ON
RECYCLED PAPER

-8-

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 1801 Avenue of the Stars, Suite 1120, Los Angeles, California 90067.

On July 15, 2004, I served the foregoing document(s) described as:
**STIPULATION OF DEBTOR AND SECURED LENDER INVESTMENT GRADE LOANS FOR USE OF CASH COLLATERAL; ORDER THEREON**
on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

SEE ATTACHED LIST\

__x__ (*By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on July 15, 2004, at Los Angeles, California.

____ (**By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business day delivery to the offices of the addressee. Executed on _____, 2004, at Los Angeles, California.

____ (By Facsimile) I caused said document to be sent via facsimile. Executed on _____ 2004, at Los Angeles, California.

____ (By Personal service) I caused such envelope to be delivered by hand to the offices of the addressee. Executed on _____, 2004 at Los Angeles, California.

__X__ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Bambi Clark*
Bambi Clark

| | | |
|---|---|---|
| Jack Barry (3556-15)<br>Michelle Waldor<br>Chardonnay/Club Shakespeare, Inc.<br>2555 Jamieson Canyon Road (Hwy 12)<br>Napa, CA 94558 | Ed Myrtle<br>Office of the U.S. Trustee (3556-16)<br>250 Montgomery Street, #1000<br>San Francisco, CA 94104-3410 | Counsel for TMT Enterprises<br>Anthony Boskovich<br>Law Offices of Anthony Boskovich<br>28 N. First Street, 6th Floor<br>San Jose, CA 95113-1210 |
| <u>Counsel for American Koyu Corp.; Eagle Vines Vineyards & Golf Club, LLC et al</u><br>Lori S. Ross, Esq.<br>Greenberg, Fields & Whitcombe, LLP<br>21515 Hawthorne Blvd. #450<br>Torrance, CA 90503 | <u>Counsel for Owens Financial</u><br>A. Nick Shamiyeh, Esq.<br>2221 Olympic Blvd. #100<br>Walnut Creek, CA 94595 | <u>Counsel for Creditors Committee</u><br>Chris Alliotts, Esq.<br>Sulmeyer Kuptez<br>1080 Marsh Road, Suite 110<br>Menlo Park, CA 94025 |
| <u>Counsel for Investment Grade Loans</u><br>Patric J. Kelly, Esq.<br>Adleson, Hess & Kelly<br>577 Salmar Ave., 2nd Floor<br>Campbell, CA 95008 | RSN<br>Mr. Romain P. Clerou<br>19191 Spring Drive<br>Sonoma, CA 95476 | <u>Counsel for Kip Kendall; Randall Hoyle & Chardonnay Action Committee</u><br>Richard W. Abbey, Esq.<br>Abbey, Weitzenberg, Warren & Emery<br>100 Stony Point Rd. #200<br>Santa Rosa, CA 95402-1566 |
| <u>Counsel for Chardonnay Action Committee (State Court Action)</u><br>M. Michael Murphy<br>Murphy, Logan, Bardwill & Loomis<br>2350 First Street, P.O. Box 5540<br>Napa, CA 94581-0540 | <u>RSN- Counsel for Container Applications Intern'l</u><br>Clayton W. Kent, Esq.<br>Brayton Purcell<br>222 Rush Landing Road<br>P.O. Box 6169<br>Novato, CA 94948-6169 | <u>RSN – Counsel for Westamerica Bank</u><br>Gloria M. Oates, Esq.<br>Dutra & Gates<br>2377 Gold Meadow Way #215<br>Gold River, CA 95670 |
| <u>Committee Member</u><br>Jane Smith<br>Nikon Precision, Inc.<br>1399 Shoreway Road<br>Belmont, CA 94002 | <u>Committee Member</u><br>Isao Nakagawa<br>1 Daniel Burnham Court, #103<br>San Francisco, CA 94109 | <u>Committee Member</u><br>Robert Chaulk<br>Senior Vice President<br>California Bank & Trust<br>401 W. Whittier Blvd., Suite 200<br>La Habra, CA 90631 |
| <u>Committee Member</u><br>Yoichi Erikawa<br>American Koyu Corporation<br>Eagle Vines Vineyards & Golf Club<br>180 Montgomery Street, Suite 1980<br>San Francisco, CA 94104 | <u>Committee Member</u><br>Romain P. Clerou<br>19191 Spring Drive<br>Sonoma, CA 95476 | <u>RSN – Counsel for William Wolf</u><br>Myles R. Dresslove, Esq.<br>635 First Street<br>Santa Rosa, CA 95404 |
| <u>Secured</u><br>Eu Venture, Inc. (3556-18)<br>c/o Financial Advantage<br>2045 Mt. Diablo Street #105<br>Concord, CA 94520 | <u>Secured</u><br>Owens Mortgage Investment Fund<br>P.O. Box 2400<br>Walnut Creek, CA 94595 | <u>Secured</u><br>Frank Paoletti (3556-23)<br>c/o Financial Advantage<br>2045 Mt. Diablo Street, #105<br>Concord, CA 94520 |

2

| | | |
|---|---|---|
| <u>Secured</u><br>Gary Chase & Hans Morkner (3556-19)<br>c/o Financial Advantage<br>2045 Mt. Diablo Street #105<br>Concord, CA 94520 | <u>Secured</u><br>Investment Grade Loans (3556-22)<br>289 S. San Antonio Road #202<br>Los Altos, CA 94022 | <u>Secured</u><br>Navone/Liberty Worldwide (3556-24)<br>c/o Financial Advantage<br>2045 Mt. Diablo Street #105<br>Concord, CA 94520 |
| *<u>Secured</u>*<br>*YTY Consulting, Inc.*<br>*P.O. Box 2811*<br>*Napa, CA 94558* | <u>Secured</u><br>Napa County Tax Collector<br>1195 Third Street, Room 108<br>Napa, CA 94559-3035 | <u>Secured</u><br>Nissan Motor Acceptance Corporation<br>P.O. Box 660366<br>Dallas, TX 75266-0366 |
| <u>RSN – Counsel to Financial<br>Pacific Leasing LLC</u><br>Laurence S. Ross, Esq.<br>Spiwak & Iezza, LLP<br>2660 Townsgate, Suite 530<br>Westlake Village, CA 91361-5700 | <u>IKON Financial Services</u><br>Bankruptcy Administration/Jeffrey Hall<br>IOS Capital, LLC<br>1738 Bass Road<br>P.O. Box 13708<br>Macon, GA 31208-3708 | |