UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARDONNAY/CLUB SHAKESPEARE, INC.,                        No. 04-10986

Debtor(s).
_____/

Final Memorandum on Motion to Sell Free and Clear
_____

The debtor has entered into a contract to sell its real property for some $16 million, which all parties agree is a fair purchase price. The court has previously determined that the sale should be free and clear of the disputed interests of the Founding Members, who claim a right to play golf on the property pursuant to recorded document. In ordering the sale over their objections, the court noted that the $16 million in proceeds would clearly protect any interest they may have.

When signing the order, the court realized that in order to fully protect the Founding Members the sale would have to be free and clear of all liens which they assert are junior their interests. The court accordingly stayed the order until the entities holding liens recorded subsequent to the recording of the Founding Members' document could be notified and given an opportunity to be heard.

After hearing, it is clear that the sale can only be accomplished fairly if it is free and clear of all liens junior in time to the Founding Members. Otherwise, all parties would have to wait until after the rights of the Founding Members are adjudicated and risk loss of the sale. This is exactly why the power to sell free and clear was put into the Bankruptcy Code.

1

The court is not swayed by the argument that in order to qualify under § 363(f) the bona fide dispute must be over the validity or amount of the lien and not the priority. The statute itself contains no such limitation. There is a bona fide dispute. There is no way to protect the rights of all parties without selling free and clear of the rights of those parties fighting over priority. All of their rights can be preserved by ordering their liens transferred to the proceeds of sale in order of priority. Those rights can then be adjudicated without risking the sale. Accordingly, a sale free and clear is proper regardless of the nature of the dispute.

For the foregoing reasons, the court will lift the stay of its order of March 31, 2005, so that the sale can proceed.

Dated: June 2, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge